UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD BLAIR,

                Petitioner,                Case Number 2:13-cv-10758
                                                                     Honorable Paul D. Borman

v.

CARMEN PALMER,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Lloyd Blair filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Oakland Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and two counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. As a result of these convictions Petitioner was sentenced to 44-to-80 years for his second-degree murder conviction, 5-to-10 years for the felon-in-possession and carrying a concealed weapon conviction, and consecutive 2-year prison terms for the felony-firearm convictions.

The petition raises three claims: (1) insufficient evidence was presented at trial to support his conviction for second-degree murder; (2) the trial court erred in failing to instruct the jury on self-defense; and (3) the trial court erred in admitting recorded

conversations between Petitioner and his girlfriend. The Court finds that none of the claims have merit. The petition will therefore be denied. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

I.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the August 2008 shooting death of Jason Jones at a birthday party attended by defendant, Jones, and defendant's girlfriend, Amanda Marion. The evidence showed that the victim and Amanda left the party together to go to a store. When they returned, defendant physically assaulted Amanda because she was with the victim. The victim intervened and defendant and the victim began fighting. Defendant pulled out a gun, fired two shots at the victim, and then began chasing the victim down the street during which he fired additional shots at the victim. The victim died from a gunshot wound to his face. The bullet entered his chin and traveled down into his chest cavity. The jury acquitted defendant of first-degree premeditated murder, but found him guilty of second-degree murder.

*People v. Blair*, No. 298377, 2011 WL 4501909, at *1-2. (Mich. Ct. App. Sept. 29, 2011).

Following his conviction and sentence, Blair filed a claim of appeal in the Michigan Court of Appeals, raising the following claims:

> I. The prosecution failed to introduce sufficient evidence to support the conviction for second degree murder. The conviction must be reversed.
>
> II. The prosecution introduced evidence that would support a defense of self-defense. The trial court erred where it refused to instruct on self-defense. Mr. Blair is entitled to a new trial.

      III. The trial court erred in admitting recorded conversations between Mr. Blair and his girlfriend. The evidence was largely irrelevant and extremely prejudicial. The court denied Mr. Blair a fair trial. The convictions should be reversed.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Blair*, No. 144050 (Mich. Sup. Ct. March 5, 2012).

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2).

A decision of a state court is "contrary to" clearly established federal law if the

3

state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S.

4

63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford*, 537 U.S. at 24. In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

5

III.

A. Sufficiency of the Evidence

Petitioner first asserts that the evidence presented at trial was insufficient to sustain his conviction for second-degree murder. Specifically, he claims that the prosecutor failed to prove that the shooting resulted from adequate provocation, and therefore he should have been convicted of the lesser offense of manslaughter.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "After *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction" is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphases in original). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16.

"A sufficiency of the evidence claim is a 'steep climb' . . . ." *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012) (quoting *United States v. Stafford*, 639 F.3d 270, 273

6

(6th Cir. 2011)). Federal courts

> apply two layers of deference in reviewing habeas claims challenging evidentiary sufficiency. *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). "First . . . [they] must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Second, even were [they] to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [they] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*. (citing 28 U.S.C. § 2254(d)(2)).

*Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012).

> The Michigan Court of Appeals rejected Petitioner's claim as follows:
>
> On appeal, defendant does not dispute that he shot the victim, but he argues that his second-degree murder conviction should be reduced to voluntary manslaughter because he acted in the heat of passion when he shot the victim. Defendant's argument implicates the sufficiency of the evidence to support a conviction for second-degree murder.
>
> We review issues involving the sufficiency of the evidence to sustain a conviction de novo. *People v. Harrison*, 283 Mich. App. 374, 377 (2009). "The test for determining the sufficiency of evidence in a criminal case is whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v. Nowack*, 462 Mich. 392, 399 (2000). The prosecution need only prove its own theory beyond a reasonable doubt, in the face of whatever contradictory evidence the defendant may provide. *People v. Chapo*, 283 Mich.App 360, 363–364 (2009). Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of an offense. *Harrison*, 283 Mich.App at 378. "The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *Id*. at 378.
>
> Second-degree murder requires proof that the defendant's act, with malice

7

and without justification or excuse, caused the death of another. *People v. Roper*, 286 Mich. App. 77, 84 (2009). In this case, defendant challenges the element of malice. "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v. Goecke*, 457 Mich. 442, 464 (1998).

The evidence that defendant produced a gun and fired at least two gunshots toward the victim, one of which penetrated his chin and caused his death, viewed in a light most favorable to the prosecution, was sufficient to allow the jury to find the requisite malice for second-degree murder beyond a reasonable doubt. Defendant's use of a deadly weapon supports the inference of malice. *People v. Turner*, 213 Mich.App 558, 567 (1995), overruled in part on other grounds *People v. Mass*, 464 Mich. 615 (2001). Although defendant argues that some of the witnesses were not credible, "[t]he credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *Harrison*, 283 Mich.App at 378. The record does not reveal any extraordinary circumstances that would warrant a court in taking the issue of witness credibility away from the jury. *People v. Lemmon*, 456 Mich. 625, 643–644 (1998).

Further, although defendant correctly observes that adequate provocation is a circumstance that can negate the presence of malice, and thereby reduce a defendant's culpability in causing the death of another person to that of manslaughter, *People v. Mendoza*, 468 Mich. 527, 535–536 (2003), the existence of adequate provocation sufficient to establish manslaughter is usually a question of fact for the jury. *Roper*, 286 Mich.App at 88.

Voluntary manslaughter requires a showing that (1) defendant killed in the heat of passion, (2) this passion was caused by an adequate provocation, and (3) there was no lapse of time during which a reasonable person could have controlled his passions. *People v. Pouncey*, 437 Mich. 382, 388 (1991). "The provocation necessary to mitigate a homicide from murder to manslaughter is that which causes the defendant to act out of passion rather than reason"; that is, adequate provocation "that which would cause the reasonable person to lose control." *Id*. at 389 (citations omitted). [*Roper*, 286 Mich.App at 87.]

In this case, the jury was instructed on the lesser offense of voluntary

8

> manslaughter, but instead found defendant guilty of second-degree murder. The evidence showed that defendant approached a vehicle occupied by his girlfriend and the victim at a birthday party. After defendant hit his girlfriend, the victim came to her aid by confronting defendant. Any verbal exchange may or may not have escalated to a physical fight before defendant pulled out a gun and fired at least two gunshots at the victim. Whether the victim was struck with a bullet at that point, or by additional gunshots fired before the victim ended up on a porch at a nearby house with a gunshot wound to his chin, was a question of fact for the jury to decide. Regardless of whether defendant fired the fatal gunshot during his initial confrontation with the victim, or during the victim's flight, the jury could have reasonably concluded that the circumstances did not involve a situation that would have caused a reasonable person to lose control. Because the jury's decision to convict defendant of second-degree murder rather than manslaughter is supported by the evidence, defendant is not entitled to a reduction of his conviction to voluntary manslaughter.

*Blair*, 2011 WL 4501909, at *1-2.

The Michigan Court of Appeals determination that a rational trier of fact could conclude from the evidence taken in the light most favorable to the prosecution that Petitioner was guilty of second-degree murder and that there was not adequate provocation to reduce the offense to manslaughter was not unreasonable under the established standard. Viewed in favor of the prosecution, the evidence showed that Petitioner shot at the victim multiple times because the victim was trying to protect Petitioner's girlfriend. A reasonable jury could easily find that these circumstances did not constitute adequate provocation. "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558

U.S. 120, 132 (2010), (quoting *Jackson*, 443 U.S. at 326). According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain Petitioner's conviction did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

B. Failure to Instruct Jury on Self Defense

Petitioner asserts that he is entitled to habeas relief because the trial court failed to instruct the jury on self-defense in violation of his Sixth Amendment right to a jury trial and his Fourteenth Amendment due process right to present a defense.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. See *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Additionally, the failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair. See *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). State law

instructional errors rarely form the basis for federal habeas corpus relief. See *Estelle*, 502 U.S. at 71-72. The failure to give a requested self-defense instruction does not deprive the defendant of his constitutional right to due process if the evidence produced during trial was insufficient to warrant such an instruction. *Taylor v. Withrow*, 288 F.3d 846, 851 (6th Cir. 2002); see also *Gimotty v. Elo*, 40 F. App'x 29, 33-34 (6th Cir. 2002).

The Michigan Court of Appeals specifically held in this case that there was not sufficient evidence to justify a self defense instruction: "Here, there was no evidence to support a self- defense instruction under established rules of procedure and evidence." Under Michigan law, the killing of another person in self-defense is justifiable homicide only if the defendant honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm. *People v. Heflin*, 434 Mich. 482, 502 (1990).

The state court reasonably determined that the facts of Petitioner's case did not support giving a self-defense instruction. Here, even if one overlooks the fact that Petitioner was the initial aggressor because he assaulted his girlfriend, there was absolutely no evidence presented at trial to show that Petitioner required deadly force to ward off the victim's defense of the girlfriend. Furthermore, the evidence showed that the victim retreated and Petitioner followed him and fired more shots at him as the victim fled down the street. The Michigan Court of Appeals' decision was therefore neither contrary to Supreme Court precedent nor an unreasonable application of federal law or

11

the facts. The trial court's refusal to instruct the jury on self-defense did not violate Petitioner's right to a fair trial nor deprive him of the right to present a defense because there was insufficient evidence to warrant such an instruction.

Lastly, the Court notes that even if the trial court erred in failing to give the self-defense instruction, Petitioner is not entitled to relief. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); see also *Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that *Brecht* standard applies in "virtually all" habeas cases); *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon the jury's verdict); *Ruelas v. Wolfenbarger*, 580 F.3d 403 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in this circuit). Here, it is highly unlikely that the lack of a self-defense instruction affected the jury's verdict. The circumstances of the crime, and the strong evidence presented indicating that the shooting was not done in self-defense provided significant evidence of Petitioner's guilt. Habeas relief is not warranted.

C. Admission of Recorded Phone Calls From Jail

Petitioner's third claim concerns the admission at trial of recorded phone conversations between himself and his girlfriend while he was in jail awaiting trial.

12

Petitioner argues that the recordings unfairly painted him in an poor light, rendering his trial unfair.

At trial the prosecutor moved to admit recordings of telephone conversations between Petitioner and his girlfriend while he was in jail awaiting trial. The prosecutor argued that the evidence was relevant because it showed a consciousness of guilt, and also that it was relevant to show his motive and intent. The court allowed most of the recordings to be admitted, but it excluded any mention by Petitioner regarding his potential sentence or his "bleak future" following a potential conviction. Petitioner specifically challenges the admission of his statements that he is a "jealous f**ker," and that he is a "street n***a."

> The Michigan Court of Appeals rejected the claim as follows:
>
> Defendant also challenges the trial court's decision to admit two of the recorded conversations, which defendant argues on appeal were irrelevant and unduly prejudicial. We review the trial court's decision to admit the evidence for an abuse of discretion. *People v. Jones*, 270 Mich.App 208, 211 (2006).
>
> We are not persuaded that the trial court abused its discretion in admitting defendant's statement that he was a "jealous f**ker." The statement was relevant to the issues of motive and intent. Motive is the inducement for a person to do some act. *People v. Sabin* (After Remand), 463 Mich. 43, 68 (2000). "Evidence of the defendant's motive to commit the charged crime lends itself to three theories of logical relevance: (1) identity; (2) actus reus, and (3) mens rea." *Id*. at 68. Motive is not an essential element of a crime of murder, but evidence of motive is always relevant. *Unger*, 278 Mich.App at 223.
>
> Further, defendant's use of offensive language to describe his jealousy did not subject the evidence to exclusion under MRE 404(a). The context of the

13

statement was relevant to an understanding of the jealous mind expressed by defendant. *People v. McReavy*, 436 Mich. 197, 214–215 (1990). The material question is whether the statement should have been excluded under MRE 403, despite its relevancy. Evidence, even if relevant, may be excluded under MRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice or to avoid a needless presentation of cumulative evidence. A MRE 403 determination is best left to the trial court's contemporaneous assessment of the presentation, credibility, and effect of testimony. *Sabin*, 463 Mich. at 71.

Evidence is unfairly prejudicial if there is a danger that the jury will give marginally probative evidence undue or preemptive weight or it would be inequitable to allow a party to use the evidence. *People v. Mardlin*, 487 Mich. 609, 627 (2010); *People v. Blackston*, 481 Mich. 451, 462 (2008). Here, any character implications arising from the nature of the language used by defendant to describe his jealously were minimal. In addition, the evidence was not needlessly cumulative because it allowed the jury to hear defendant's own assessment of his character as relevant to the issue of motive. The fact that defendant's girlfriend had previously testified that defendant was a jealous person did not render defendant's self-characterization needlessly cumulative, especially considering that defendant's girlfriend attempted to minimize defendant's jealously. Accordingly, the trial court did not abuse its discretion by failing to exclude the statement under MRE 403.

Defendant also argues that the trial court erred in admitting statements in which he referred to himself as being a "street ni**a ." As a whole, the portion of the conversation in which defendant made this statement could have had a tendency to show defendant's consciousness of guilt. But the vagueness of defendant's statement regarding why he was in his "current situation" diminishes any probative value of the evidence to establish consciousness of guilt. The evidence had little, if any, tendency to make the existence of a fact of consequence to the action more or less probable without the evidence. MRE 401; *Sabin*, 463 Mich. at 57. At the same time, the vagueness of the statement also diminished the risk of unfair prejudice. While defendant used racial language to describe himself and his knowledge of or association with the "streets," we do not agree with defendant's argument that the jury would have concluded from the statement that he was a "thug" or someone who was engaged in unrelated criminal activity.

> Nonetheless, considering the vagueness of the statement and defense counsel's specific objection to the particular statement, the trial court's reliance on its earlier broad ruling allowing the several proffered recorded conversations for the purpose of establishing defendant's identity to overrule defendant's objection to the "street ni**a" statement was not within the range of reasonable and principled outcomes. Therefore, the trial court abused its discretion in allowing this evidence. *Unger*, 278 Mich.App at 216–217. But because the evidentiary error is nonconstitutional in nature, defendant has the burden of showing that it undermined the reliability of the jury's verdict. *Elston*, 462 Mich. at 766; see also *Blackmon*, 280 Mich.App at 259. We must consider the error in the context of the weight and strength of the untainted evidence to determine "whether it is more probable than not that a different outcome would have resulted without the error." *People v. Lukity*, 460 Mich. 484, 495 (1999).
>
> Here, the jury acquitted defendant of the most serious charge of first-degree premeditated murder. In addition, the jury had already been informed that defendant was a convicted felon in connection with the felon-in-possession charge. Also, considering the untainted evidence that defendant shot the victim after the victim came to the aid of defendant's girlfriend by confronting defendant, we cannot conclude that defendant's vague statement undermined the reliability of the jury's verdict that defendant committed second-degree murder and the associated weapons offenses. Because it is not more probable than not that a different outcome would have resulted without the vague statement, the error was harmless.

*Blair*, 2011 WL 4501909, at 5-6.

The admission of this evidence did not violate any of Petitioner's clearly established constitutional rights. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. See *Estelle*, 502 U.S. at 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or

15

evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Accordingly, to the extent that Petitioner asserts that the trial court erred in admitting the disputed testimony under the Michigan Rules of Evidence, he merely alleges a state law violation which does not entitle him to federal habeas relief. See, e.g., *Beach v. Moore*, 343 F. App'x 7, 11 (6th Cir. 2009) (ruling that nothing in the text of Federal Rule of Evidence 410 or its Ohio counterpart refers to a constitutional right). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); see also *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

For the reasons adequately explained by the Michigan Court of Appeals there was nothing fundamentally unfair about the admission of the tapes. Petitioner's statements could reasonably be viewed as being relevant to establishing his motive for the shooting. Petitioner does not point to any clearly established Supreme Court precedent that forbids as a matter of constitutional law the introduction of this type of evidence. Accordingly, Petitioner has not demonstrated entitlement to habeas relief based on this claim.

16

IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.§ 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

V

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

It is further ORDERED that a certificate of appealability is DENIED.

                    s/Paul D. Borman  
                    PAUL D. BORMAN  
                    UNITED STATES DISTRICT JUDGE

Dated: April 30, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2014.

                    s/Deborah Tofil  
                    Case Manager